ORDER (Renewing Enforcement of Foreign Judgment)
MARK BUTTERFIELD, Chief Judge.
The above matter came by Motion from attorney Stanley Lind, for the plaintiff, U.W. Stevens Point, seeking to register and enforce an existing order of the Sauk County Circuit Court against the defendant, Orbert S. Goodbear. The defendant is a Ho-Chunk tribal member residing in Sauk County and living in the Ho-Chunk Village located in Baraboo, Wisconsin. The defendant is an employee of the Ho-Chunk Nation [hereinafter HCN], working at the Ho-Chunk Casino in Baraboo, Wisconsin. The defendant had a judgment rendered against him, and such judgment is enforceable in the State Courts of Wisconsin.[1] This Court enforced the Sauk County judgment in an Order dated September 26,1996.
Plaintiff filed a Motion, for Renewal of Recognition of Formal Judgment on March 9, 1998. The defendant Orbert Go-odbear was served plaintiff’s Motion on March 19, 1998. Notiee of registration of the Motion was served by U.S. mail to Mr. Goodbear at P.O. Box 195, Lake Delton, WI 53940. The defendant was afforded ten (10) days to file an Answer or respond. The defendant has failed to answer or raise an objection to plaintiffs Motion. The Motion for Renewal of Recognition of Formal Judgment is hereby granted.
The plaintiff has requested the HCN Trial Court to enforce the Judgment entered on May 28, 1996 by the Hon. Judge James Evenson, Sauk County Circuit Court in favor the plaintiff. The original Judgment was in the amount of fourteen thousand nine hundred three dollars and twenty-five cents ($14,903.25). As a result of weekly payments, the current balance due is $12,918.79. The plaintiff seeks to continue to attach the defendant’s wages in order to satisfy the Sauk County Circuit Court Judgment.
The Court remains without statutory authority to order the attachment or garnishment of a tribal member’s per cap-ita distributions based on commercial debt or liability.[2] Pursuant to the Claims Against Pee Capita Okdinance, adopted September 6, 1996, the HCN Trial Court only may enforce claims against per capita distributions for federal tax levies, child *238 support orders, and money or debts owed to the Ho-Chunk Nation by a tribal member. The Okdinance specifically provides that the Nation “shall not recognize or enforce any claim, garnishment, levy, attachment, assignment or other right or interest in a Per capita Share” less the claim is recognized under Section 103 relating to federal taxes, child support or debts owed to the HCN Nation. Claims Against Per Capita Ordinance. This provision prohibits the Court from awarding, even in default, any claim against the per capita share or distribution in this case.
The Court grants plaintiff’s Motion, enforcing the Sauk County Circuit Court Judgment against the defendant as to any wages or earnings derived from employment from the Ho-Chunk Nation or any enterprise owned or operated by the Ho-Chunk Nation. The Court takes judicial notice of the HCN Personnel Polices and Procedure, ch. 6 Payroll Deductions and Attachments. The Personnel Procedures provide that deductions from each employee’s gross pay are two types: mandatory and voluntary. This Order compels HCN Treasury to garnish or deduct, and thus qualifies as a mandatory deduction. Specifically, the Personnel Procedures state that mandatory deductions are those required to be made by law or court order. These deductions include wage garnishments. Chapter 6 of the Personnel Procedures is very specific at to the application and affect of garnishment. This Order is issued in compliance with Chapter 6, directing the HCN Treasury to withhold monies for the payment of debtor Orbert Goodbear to the U.W. Steven’s Point, in satisfaction of a judgment rendered against him in the Sauk County Circuit Court.
In devising a method of determining the appropriate amount to be withheld, the Court looks to the legislative policy guiding the Recognition of Foreign Child Support Orders Ordinance [hereinafter Ordinance].[3] The Ordinance provides the Court with the statutory authority to withhold a maximum amount thirty-four per cent (34%) from any one per capita check of the debtor subject to withholding. Thus, the Court concludes that twenty per cent (20%) is an appropriate amount to be withheld. This amount may or may not create a financial hardship on the defendant. The Court has not been advised of the financial situation of the defendant, since the defendant failed to answer, respond or defend against the enforcement of the Sauk County Court Order in the HCN Trial Court.
The HCN Treasury Department is hereby directed to continue the regular withholding from the wages, income and earnings of Orbert Goodbear twenty per cent (20%) of his weekly earnings for one (1) year, directed to satisfy the remaining judgment of $12,918.79. This Order Is effective immediately as of the date signed below. The plaintiff may move the Court by formal motion for renewal of this Order. Moreover, the defendant can move the Court, to garnish a lesser amount due to hardship.
This Order shall remain effective and binding on all parties until such time as the parties seek modification or the judgment is satisfied. This Order is appealable in accordance with the HCN Rules of Appellate Procedure.

. Sauk County Circuit Court, Civil Division, 96 CV 152 (May 28, 1996).

. Claims Against Per Capita Ordinance, §§ 103, 104, adopted and enacted September 6, 1996,

. Recognition of Foreign Child Support Orders Ordinance, § 109(b), adopted August 20, 1996.